CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
10/31/2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERRY SUBLETT**, ) | |
| *Plaintiff* ) | |
| v. ) | CASE NO.: 7:24cv00758 |
| ) | |
| **HISCO, INC.,** ) | JURY TRIAL DEMANDED |
| *Defendant*. ) | |

# COMPLAINT

COME NOW the Plaintiff, Jerry Sublett ("SUBLETT"), to bring this action to recover damages for injuries suffered due to the malfunction of a barrel of hydrochloric acid manufactured by the Defendant, HISCO, INC.

## JURISDICTION AND VENUE

1.  This action arises under the common law of Virginia.

2.  This Court has diversity jurisdiction pursuant to 28 U.S. Code § 1332 because the parties are residents of different states and because the amount in controversy exceeds $75,000.

3.  Venue is proper in this district under 28 U.S.C. §1391(b), because. pursuant to 28 U.S.C. §1391(b)(2), all of the events or omissions giving rise to the claims occurred in the City of Roanoke in the Western District of Virginia.

## PARTIES

4.  Plaintiff SUBLETT is an adult resident of Vinton, Virginia.

5.  Defendant HISCO is a for-profit Texas corporation that manufactures and distributes chemicals.

## FACTS

6.     On October 31, 2022, SUBLETT was employed by Elvit Systems of America in Roanoke, Virginia.

7.     On October 31, 2022, SUBLETT was working at Elvit Systems of America and was tasked with replacing an empty barrel of hydrochloric acid on a production machine with a new barrel of hydrochloric acid.

8.     The new barrel of hydrochloric acid was manufactured and delivered by HISCO.

9.     HISCO had a duty to exercise ordinary care to design the and fill the new barrel of hydrochloric acid in a manner that was reasonably safe for the purpose for which it is intended.

10.    The bung of any barrel of hydrochloric acid should not rupture upon mere touch.

11.    Hydrochloric acid is an inherently dangerous product.

12.    On October 31, 2022, while SUBLETT was changing the barrels, as he merely touched the bung of the new barrel of hydrochloric acid, internal pressure caused the bung to break loose, resulting in a violent release of liquid and vaporous hydrochloric acid that almost instantly filled the room.

13.    The rupture of the new barrel of hydrochloric acid was caused by either a lack of proper filling or the lack of a safety vent.

14.    HISCO breached its duty to exercise ordinary care to design the and fill the new barrel of hydrochloric acid in a manner that prevented its bung from rupturing upon mere touch.

15.    The ruptured barrel of hydrochloric acid left HISCO's hands and was delivered to Elvit Systems in the same dangerous condition that existed immediately prior to the rupture.  The condition of the barrel did not change while it was in the hands of Elvit Systems.

16.     When the new barrel of hydrochloric acid ruptured, SUBLETT inhaled the hydrochloric acid, thereby incurring severe and permanent injuries to his lungs.

17.     SUBLETT suffered from severe pain and emotional distress as a result of the injuries he sustained after the new barrel of hydrochloric acid ruptured.

## COUNT ONE

## COMMON LAW NEGLIGENCE

18.     All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

19.     HISCO had a duty of care to design and fill the new barrel of hydrochloric acid in a safe matter.

20.     HISCO breached its duty to design and fill the new barrel of hydrochloric acid in a safe matter.

21.     SUBLETTE suffered damages as result of HISCO's breach of duty of care when the new barrel of hydrochloric acid ruptured on October 31, 2022.

22.     HISCO's breach of duty was a proximate cause of SUBLETT's damages.

23.     HISCO is liable to SUBLETTE for the damages he sustained due to HISCO's negligence.

## PRAYER FOR RELIEF

AND NOTHING FURTHER REMAINING, Plaintiff, JERRY SUBLETT requests that this Court grant him the following relief:

(a)     Judgment against the Defendant and in favor of the Plaintiff in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and such additional damages as may be proven at trial;

(b) Recovery of costs and such other legal and equitable relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Respectfully Submitted,

**JERRY SUBLETT**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By: /s/ M. Paul Valois**
    **M. Paul Valois, Esquire**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 72326**
    **mvalois@vbclegal.com**